IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RADE Q. ZONE, | ) | CIVIL NO. 24-00283 JAO-WRP |
| | ) | |
| Plaintiff, | ) | ORDER (1) DISMISSING FIRST |
| vs. | ) | AMENDED COMPLAINT WITHOUT |
| | ) | LEAVE TO AMEND AND (2) |
| YOUTUBE.COM LLC, et al., | ) | DENYING APPLICATION TO |
| | ) | PROCEED IN DISTRICT COURT |
| Defendants. | ) | WITHOUT PREPAYING FEES OR |
| | ) | COSTS AS MOOT (ECF NO. 11) |
| | ) | |

**<u>ORDER (1) DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND AND (2) DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AS MOOT (ECF NO. 11)</u>**

On July 3, 2024, pro se Plaintiff Rade Q. Zone ("Plaintiff") filed a Complaint against Defendants YouTube.com LLC and Neal Mohan, ECF No. 1, as well as an Application to Proceed in District Court Without Prepaying Fees or Costs requesting leave to proceed in forma pauperis ("IFP Application"), ECF No. 2. The Court dismissed the Complaint with leave to amend and denied the IFP Application as moot. ECF No. 5. Plaintiff then filed a First Amended Complaint ("FAC") and a renewed IFP Application ("Renewed IFP Application"). ECF Nos. 10, 11. Broadly speaking, Plaintiff complains that third parties have posted allegedly defamatory videos of him on YouTube and contends that various

defendants affiliated with YouTube are liable for harm he has endured as a result of those videos.

For the following reasons, the Court DISMISSES the FAC without leave to amend and DENIES the Renewed IFP Application as moot.

## I.     DISCUSSION

### A.     Dismissal Under 28 U.S.C. § 1915(e)(2)

A court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *see Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998).  When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies Rule 8's pleading standard as it does in the context of a Rule 12(b)(6) motion to dismiss.  *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

Rule 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state

the elements of the claim plainly and succinctly. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments be simple, concise and direct." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (internal quotations omitted); *see also* Fed. R. Civ. P. 8(d)(1). Rule 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotations omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In the present case, even construing Plaintiff's FAC liberally, *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003), the Court finds that dismissal is appropriate because Plaintiff fails to demonstrate that the Court has jurisdiction over this matter.

**B.     Failure to Establish A Basis for Jurisdiction**

3

Federal courts are presumed to lack subject matter jurisdiction, and a plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Here, Plaintiff again fails to meet his burden of establishing that subject matter jurisdiction exists. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As with his initial pleading, Plaintiff seeks to establish jurisdiction based on diversity jurisdiction. *See* ECF No. 10 ¶¶ 1–2. Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). An individual's citizenship is based on his state of domicile, meaning the state where he resides with an intent to remain or that he intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001). Corporations are citizens of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)). By contrast, an

4

LLC shares the citizenships of all of its owners/members. *See id.* at 899, 902 ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").

Based on these standards, Plaintiff's FAC lacks sufficient allegations to establish diversity jurisdiction. Plaintiff alleges he is a citizen of Hawaiʻi. *See* ECF No. 10 ¶¶ 2, 4. He fails to allege the citizenship of each defendant, however. For example, Plaintiff names at least two LLCs as defendants here: YouTube LLC and Google LLC. *See* ECF No. 10 ¶ 1; *see also* ECF No. 10-5; ECF No. 10-6. In its prior order, the Court cautioned Plaintiff that if he filed an amended pleading and named an LLC as a defendant, that he must identify the owners/members of each LLC and then also allege the citizenship of each of those owners/members. *See* ECF No. 5 at 4–5 ("It is Plaintiff's burden to determine whether the entity he is suing is a corporation or an LLC, and then to allege the citizenship of the entity based on that determination."). Despite this warning, the FAC identifies only the state where those entities are headquartered (California), the state whose laws those entities are organized under (Delaware and California), and the state where at least one of its officer's works and resides (California). *See id.* ¶¶ 1–3, 7–8, 10. While such information may suffice for *corporations*, as the Court already explained, the same is not true for *LLC* defendants. *See* ECF No. 5 at 4–5.

Plaintiff also separately alleges, in somewhat circular fashion, that "Defendants are owners/employees of multiple LLCs , and they are in California

5

and Delaware, as large LLC corporations." *Id.* ¶ 4; *see also id.* ¶¶ 7–8.  But if an owner/member is an LLC, its owners/members must also be identified, along with their citizenships.  *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company.  And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well."); *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64-65 (9th Cir. 2011) (requiring that the citizenship of all members of LLCs and limited partnerships be alleged, including circumstances involving multiple layers of partnerships).

 Based on the foregoing, the Court concludes Plaintiff has failed to meet his burden of demonstrating diversity jurisdiction exists here.  Because Plaintiff was already put on notice of this deficiency and, despite being afforded ample time to amend his pleadings, still failed to allege necessary jurisdictional facts, dismissal is now warranted without leave to amend.  Since the FAC is dismissed based on

Plaintiff's failure to allege subject matter jurisdiction, the dismissal is without prejudice.[1]

## II.   CONCLUSION

In accordance with the foregoing, the Court DISMISSES the FAC without leave to amend and without prejudice, because the dismissal is based on failure to allege subject matter jurisdiction.  The Renewed IFP Application, ECF No. 11, is therefore DENIED AS MOOT.

The Clerk is directed to close this case.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, September 23, 2024.



Jill A. Otake
United States District Judge

CV 24-00283 JAO-WRP; *Zone v. YouTube LLC, et al.*; ORDER (1) DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND AND (2) DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AS MOOT (ECF NO. 11)

---

[1] Because the Court is dismissing based on lack of subject matter jurisdiction, it will proceed no further in screening the FAC.  If it *did* have subject matter jurisdiction, the Court would nonetheless conclude that dismissal is warranted—now without leave to amend—for the additional reasons stated in its prior screening order.  *See* ECF No. 5 (noting the Complaint failed to allege facts sufficient to: establish personal jurisdiction over all defendants, establish that venue in Hawaiʻi was proper, or to state a plausible claim for relief).